UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| James J. English,<br>    Plaintiff(s);<br><br>-vs.-<br><br>Polo Ralph Lauren, Corp.; The Atchison,<br>Topeka & Santa Fe Railroad Corp.;<br>Burlington Northern Railroad Co.,<br>    Defendant(s). | No. CV 95-P-2237-S |

ENTERED
JAN 28 1997

### OPINION

After Hearing at the Motion Docket on December 20, 1996 and for the following reasons, the Defendant Polo Ralph Lauren, Corp.'s ("Polo") Motion for Summary Judgment is hereby GRANTED.

### FACTS

On August 31, 1993, the Plaintiff ("English") was injured while he unloaded a container filed with denim which was destined for Polo's North Carolina warehouse. The containers were allegedly extremely overloaded. Polo had contracted with Leadtec California for the shipment of the denim. It is not clear from the evidence if Leadtec loaded the containers or if Leadtec subcontracted the loading of the containers. Polo had entered into a purchase order agreement with the seller of the denim which allowed Polo to reject non-conforming goods and reserved the right to change the place, time and method of shipment.

ANALYSIS

Under Alabama tort law, one person's negligence cannot be imputed to another person unless some special relationship exists between the parties.[1] Normally, the negligence of an independent contractor cannot be imputed to the person for whom the contractor works unless that person reserved the right of control over the means and method of the work done.[2] The thrust of Plaintiff's argument is that Polo, by the terms of the purchase order, "reserved the right to control" the method of shipment of the denim by virtue of the purchase order. The Plaintiff argues that under a theory of respondeat superior this retention of control made Leadtec an agent of Polo rather than an independent contractor and that therefore Leadtec's negligence can be imputed to Polo. In his brief in opposition to the Polo's Motion for Summary Judgment, the Plaintiff argues that the purchase order controls the relationship of Polo and Leadtec. Plaintiff argues that, because Polo reserved the right to inspect the goods upon delivery and the right to make changes in the specification and packaging of the product, Polo retained enough control over Leadtec's performance to raise genuine issues of material fact with regard respondeat superior liability.

Under the purchase order, Polo expressly reserved rights already granted a purchaser under Article 2 of the Uniform Commercial Code.[3] The right of inspection, the right to limit assignment of the contract and the right to specify delivery and shipment method are all specifically allowed under the Uniform Commercial Code. In addition, Alabama case law allows

---

1. *See*, Branco Wood Product, Inc. v. C.C. Huxford, Jr., Grandchildren's Trust Dated December 31, 1976, 521 So. 2d 73, 74 (Ala. Civ. App. 1988).

2. *Id.*

3. Ala. Code §§ 7-2-101-725.

2

that the control necessary for respondeat superior liability is not present where the "alleged employer retains the right to supervise or inspect the work of an independent contractor to determine if he is performing in conformity with the contract."[4/] The plain meaning of the contract terms does not reserve the right to supervise the loading of the shipment containers especially when read in light of the UCC and the case law. In addition, the actions of the parties indicate that the necessary control was not present. Evidence has been submitted by Polo that Polo did not in fact load or supervise the loading of the containers. Therefore, based on the forgoing reasons, the Court finds that no genuine issue of material fact remain as to the claims against Polo. The Defendant Polo's Motion for Summary Judgment is hereby GRANTED.

Date: January 28, 1997

Chief Judge Sam C. Pointer

Service List:
    Mr. Monroe Dykes Barber, Jr.
    Mr. John W. Clark, Jr.
    Mr. Charles E. Sharp
    Mr. Turner B. Williams
    Mr. Theresa S. Jones
    Ms. Theresa S. Jones
    Mr. Frederick Lane Finch, Jr.

---

4. *Id.* at 75.