# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
## Southern Division

JAMES A. ENGLISH,
    Plaintiff(s);

-vs.-

POLO RALPH LAUREN; ATCHISON, TOPEKA & SANTA FE RAILWAY CO.; AND BURLINGTON NORTHERN RAILROAD, CO.,
    Defendant(s).

No. CV 95-P-2237-S

FILED 98 AUG 26 PM 3:47 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED

AUG 27 1998

## Opinion

Intervenors' Motion for Reimbursement was considered at the court's February 6, 1998 motion docket. For the reasons stated below, the court concludes that the motion is due to be GRANTED.

## Statement of Facts[1]

On August 31, 1993, while at work at the Burlington Northern ("BN") rail yard, the Plaintiff James English ("English") was injured when he was thrown from the cab of the side-lift crane he was operating.

English was employed by Eagle Systems, Inc. ("Eagle"), a BN contractor. Following plaintiff's injury, Eagle and its insurer, AETNA, paid medical benefits totaling $48,091.51 and workers' compensation benefits totaling $13,690.47 pursuant to the Alabama Workers' Compensation Act. Although plaintiff and Eagle/AETNA settled plaintiff's claims for workers' compensation in January 1995, plaintiff subsequently filed this action against Polo Ralph Lauren

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiff.



Corporation ("Polo"), The Atchison, Topeka & Santa Fe Railway Company ("ATSF"), and BN. Plaintiff's claims against BN were based primarily upon the Federal Employers' Liability Act ("FELA"). The court permitted Eagle and AETNA to intervene in order to protect any subrogation rights arising from their payment of workers' compensation benefits to plaintiff.

In early 1997, the court granted summary judgment as to plaintiff's claims against Polo and ATSF and denied summary judgment as to plaintiff's claims against BN, finding that there was a dispute of fact as to whether plaintiff could be considered an employee of BN for purposes of FELA. In September 1997, plaintiff settled his claim against BN for $260,000.

Eagle and AETNA have moved for reimbursement of the $61,781.98[2] that they have paid to plaintiff, citing Section 25-5-11(a) of the Code of Alabama 1975. Plaintiff objects to the reimbursement request, arguing that, because BN and Eagle were "joint employers" of English, such that Section 25-5-11(a) is inapplicable.

## Analysis

Section 25-5-11(a) provides:

> If the injury . . . for which compensation is payable under . . . this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, . . . the employee . . . may proceed against the employer to recover compensation under this chapter . . . and at the same time, may bring an action against the other party to recover damages for the injury . . . . If the injured employee . . . recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. . . . To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of [the] injury . . . .

---

2. The $61,781.98 amount is based upon payments made or due to be made to plaintiff through September 26, 1997. *See* Amendment to Intervenors' Motion for Reimbursement, filed September 26, 1997. If additional benefits have been paid to plaintiff since that date, the parties have not so informed the court.

Here, plaintiff claims that reimbursement is inappropriate, since the language of Section 25-5-11(a) states, on its face, that suit may be brought against any party "other than the employer" and plaintiff was, arguably, an employee of BN as well as Eagle.

The court is not persuaded by plaintiff's novel argument. Under plaintiff's interpretation of Section 25-5-11(a), an employer would never be entitled to reimbursement of medical and vocational payments made to its employee, so long as the third-party tortfeasor could be shown to be, in some sense, an "employer" of the injured person. Thus, even if where one "joint" employer bore the entire burden of making medical and vocational benefit payments to the injured employee, that employer would not be entitled to seek reimbursement in the event of a judgment (or, as here, a settlement) by the injured employee against the other "joint" employer. The court is unwilling to adopt plaintiff's strained interpretation of Section 25-5-11(a).

The court has examined the text of Section 25-5-11 carefully and concludes that the phrase "other than the employer" means only that, having chosen to "proceed against the employer to recover benefits under" the workers' compensation statute, an employee may seek legal redress against *any party other than that employer.* Thereafter, to the extent that the injured employee recovers damages or a settlement amount from any party other than the benefit-paying employer, the benefit-paying employer is entitled to reimbursement of the amounts in workers' compensation benefits that that employer has paid on behalf of the injured employee, regardless of the

3

employee's status as a "joint employee" of some other, non-benefit-paying employer.

Based upon this interpretation of Section 25-5-11, the court concludes that intervenors Eagle and AETNA are entitled to reimbursement in the amount of $60,073.38 from the proceeds of plaintiff's $260,000 settlement with BN.

Dated: August 26, 1998

_____
Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Monroe Dykes Barber, Jr.
  Mr. Charles E. Sharp
  Mr. Turner B. Williams
  Ms. Theresa S. Jones